IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00311-BNB

DAVID E. HILL,

    Plaintiff,

v.

C. SCHWARTZ, Assist. Warden,
R. DERR, Unit Manager,
H. ARROYO, Case Manager,
A. CHURCH, Counselor, and
A. VANSICKLE, Corr. Officer, individually and in their official capacities,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, David E. Hill, is a prisoner in the custody of the Federal Bureau of Prisons at the United States Penitentiary, High Security, in Florence, Colorado. He has submitted *pro se* a Complaint (ECF No. 3) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 4).

Magistrate Judge Boyd N. Boland determined that the submitted documents were deficient and on February 3, 2014, entered an order (ECF No. 8) directing Mr. Hill to cure certain deficiencies if he wished to pursue his claims in this action. The February 3 order directed Mr. Hill to file within thirty days an amended Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the Court-approved form together with a certified copy of his trust fund account statement that showed account activity, including all deposits and withdrawals, for the six-month period

immediately preceding this filing.  Alternatively, the February 3 order directed Mr. Hill to pay the $400.00 filing fee for a civil rights action.

The February 3 order also directed Mr. Hill to file within thirty days a Prisoner Complaint on the Court-approved form.  Local Rules 1.2 and 5.1(c) of the Local Rules of Practice - Civil for this Court require litigants to the Court-approved forms found on the Court's website.  The United States Court of Appeals for the Tenth Circuit repeatedly has upheld the requirement that *pro se* litigants comply with local court rules requiring use of proper Court-approved forms, and rejected constitutional challenges to such rules.  *See Georgacarakos v. Watts*, 368 F. App'x 917, 918-19 (10th Cir. 2010) (district court did not abuse its discretion in dismissing civil rights action without prejudice for federal prisoner's noncompliance with local rules requiring use of proper court-approved form to file complaint and district court's order to comply), *Durham v. Lappin*, 346 F. App'x 330, 332-33 (10th Cir. 2009) (it was within district court's discretion to dismiss prisoner's complaint for failure to comply with local rules requiring *pro se* litigants to use court-approved forms, and local rule did not violate prisoner's equal protection rights); *Kosterow v. United States Marshal's Serv.*, 345 F. App'x 321, 322-33 (10th Cir. 2009) (it was within district court's discretion to dismiss complaint for failure to use proper court form); *Young v. United States*, 316 F. App'x 764, 769-71 (10th Cir. 2009) (district court order dismissing federal prisoner's *pro se* civil rights complaint without prejudice to his ability to refile, based on his repeated refusal to comply with district court order directing him to file amended complaint on court-approved prisoner complaint form as required by local district court rule, was not abuse of discretion or constitutional violation); *Maunz v. Denver Dist. Court*, 160 F. App'x 719, 720-21 (10th Cir. 2005) (district court did not

abuse its discretion in dismissing inmate's federal action where inmate failed to file habeas corpus application on proper form designated by district court); *Daily v. Municipality of Adams County*, 117 F. App'x 669, 671-72 (10th Cir. 2004) (inmate's failure to comply with local rule requiring *pro se* prisoners to use court's forms to file action was not nonwillful, and inmate's failure to use required form supported dismissal of action).

The February 3 order specifically directed Mr. Hill to obtain with the assistance of his case manager or the facility's legal assistant the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint, along with the applicable instructions, at www.cod.uscourts.gov, and to use those forms in curing the designated deficiencies. The February 3 order warned Mr. Hill that if he failed to cure the designated deficiencies within the time allowed, the action would be dismissed without further notice.

Instead of curing the designated deficiencies, Mr. Hill on February 6, 2014, filed a Memorandum of Law (ECF No. 9) and a cover letter (ECF No. 10).

Mr. Hill has failed within the time allowed to comply with the directives of the February 3 order and cure the designated deficiencies. Therefore, the Complaint and the action will be dismissed without prejudice for Mr. Hill's failure to cure the designated deficiencies as directed within the time allowed.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Hill files a notice of appeal he also must pay the full $505.00 appellate

filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Complaint (ECF No. 3) and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, David E. Hill, within the time allowed to cure the deficiencies designated in the order to cure of February 3, 2014.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  13th  day of   March  , 2014.

BY THE COURT:


 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court